IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROGER L. HOSEY, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv310 |
| | ) | |
| TOWN OF LANDIS, | ) | |
| NORTH CAROLINA, | ) | |
| MEREDITH BARE SMITH, | ) | |
| ASHLEY KEITH STEWART, and | ) | |
| KATIE MARIE SELLS, *in their* | ) | |
| *official and individual capacities*, | ) | |
| TONY CORRIHER, | ) | |
| and DARRELL OVERCASH, | ) | |
| *in their official capacity*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, a former employee of the Town of Landis (" the Town"), initiated this action

in Rowan County Superior Court against the following Defendants: (1) the Town of Landis

("the Town"); (2) Members of the Board of Aldermen (Smith, Stewart, Sells, Corriher and

Overcash) (collectively "the Board")[1] in their official capacities; and (3) certain members of

the Board (Smith, Stewart, and Sells) in their individual capacities. Defendants removed this

matter to this Court on April 3, 2020, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. (ECF

No. 1.)

---

[1] According to the Complaint, the Board is the governing body of the Town. (ECF No. 4 ¶ 3.)

Before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Complaint. (ECF No. 10). Defendants have moved to dismiss all claims brought against the members of the Board in their official capacities. (*Id.* at 1.) Defendants also seek dismissal of the Third Claim For Relief of Plaintiff's Complaint—a procedural due process claim—against Board members Sells, Stewart and Smith in their individual capacities pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*) Because Plaintiff does not oppose Defendants' motion with respect to dismissing all claims against the members of the Board in their official capacities, (ECF No. 15 at 1)[2], the Court need only address the procedural due process claim against Board members Sells, Stewart and Smith in their individual capacities. For the reasons set forth below, Defendants' partial motion to dismiss is granted.

## I.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted). In considering a Rule 12(b)(6) motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached [to] or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus.,*

---

[2] A lawsuit asserting claims against both the municipality and officials of the municipality in their official capacity is duplicative. *Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 462–63 (M.D.N.C. 2016).

*Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citation omitted)).  Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012) (citation and internal quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II.    DISCUSSION

Defendants move to dismiss Count III of Plaintiff's Complaint pursuant to Rule 12(b)(6) against board members Smith, Sells and Stewart in their individual capacities.  (ECF No. 10 at 1.)  In Count III, Plaintiff alleges that he was deprived of his liberty interest without due process of the law when he was not afforded a name-clearing hearing prior to his termination, causing damage to his reputation and likelihood of future employability.  (ECF No. 4 ¶ 22.)  Plaintiff brings this claim under the Fourteenth Amendment; Article I, Section 19 of the North Carolina Constitution; and 42 U.S.C. § 1983.  (*Id.*)  Defendants argue as the basis of their motion that Plaintiff has failed to state a claim for which relief can be granted and, further, that Plaintiff has likewise failed to allege sufficient facts to overcome a defense of qualified immunity.  (ECF No. 10 at 2.)

It is well settled that "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him," a liberty interest is implicated and

Case 1:20-cv-00310-LCB-LPA   Document 18   Filed 03/15/21   Page 3 of 8

"notice and an opportunity to be heard are essential." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573 (1972) (internal quotation and citation omitted). "The purpose of such notice and hearing is to provide the person an opportunity to clear his name." *Id.* 408 U.S. at 573 n.12. Further, a Fourteenth Amendment liberty interest "is implicated by public announcement of reasons for an employee's discharge." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 645–46 (4th Cir. 2007) (quoting *Johnson v. Morris*, 903 F.2d 996, 999 (4th Cir.1990)). Nevertheless, "injury to reputation alone does not deprive an individual of a constitutionally protected liberty interest." *Tigrett v. Rector & Visitors of the Univ. of Va.*, 290 F.3d 620, 628 (4th Cir. 2002).

In order to state a claim for violation of the liberty interest in his good name and reputation under the Due Process Clause, Plaintiff must allege facts sufficient to show that the charges against him by the Town: "(1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Id.* at 646. Plaintiff must then "demonstrate that his liberty was deprived without due process of law." *Cannon v. Vill. of Bald Head Island, N. C.*, 891 F.3d 489, 501 (4th Cir. 2018) (internal quotation and citation omitted).

The parties in this case disagree as to whether Plaintiff has alleged sufficient facts to state a procedural due process claim against Defendants Sells, Smith and Stewart in their individual capacities. "In order to sufficiently allege personal liability under §1983, a plaintiff must assert [that] a defendant acted directly in violating the plaintiff's constitutional rights." *Miller v. Union Cnty. Pub. Schs.*, No. 3:16-cv-00666, 2017 WL 3923977 (W.D.N.C. Sept. 7, 2017), at *7 (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th. Cir. 1977)); *see also Loughlin v. Vance Cnty.*

*Dep't of Soc. Servs.*, No. 5:14-CV-219-FL, 2015 WL 11117120, at *4 (E.D.N.C. Mar. 31, 2015) ("Suits against officials in their individual capacities require allegations of personal involvement in the deprivation of rights."). This required showing is also applicable to Plaintiff's claim under the North Carolina Constitution. *See Scott v. Town of Taylortown*, No. 1:13CV834, 2014 WL 4114313, at *7 (M.D.N.C. Aug. 20, 2014) ("With regard to Plaintiff's state due process claim, the term 'law of the land' as used in Article I, Section 19, of the Constitution of North Carolina, is synonymous with 'due process of law' as used in the Fourteenth Amendment to the Federal Constitution.") (internal quotations and citations omitted).

Plaintiff in his Complaint alleges that Defendants have deprived him of his Fourteenth Amendment liberty interest in his reputation and his ability to obtain employment in the future without an opportunity to have a name-clearing hearing to challenge the charges against him. (ECF No. 4 ¶ 22.) Plaintiff has further alleged the following: (1) the charges brought against him "placed an adverse stigma upon [his] character and reputation"; (2) the charges by the Board were made against him in public; (3) that they were made in conjunction with the decision to terminate his employment; (4) that the charges were false; and (5) he was not afforded a name-clearing hearing. (ECF No. 4 ¶¶ 14–15.) As such, Plaintiff has stated a claim that he was deprived of a liberty interest attributable to the Board. However, as articulated above, the issue before the Court related to Count III is not simply whether Plaintiff has been deprived of his liberty interest by some action of the government and its officials in general. Rather, the issue here is whether Plaintiff has pleaded sufficient facts to support a claim that the individually named Defendants are personally liable for this alleged deprivation.

Case 1:20-cv-00310-LCB-LPA   Document 18   Filed 03/15/21   Page 5 of 8

The Court concludes that, to the extent that Plaintiff sues Defendants Smith, Stewart, and Sells in their individual capacity for deprivation of his liberty interest without due process, the allegations in his Complaint are insufficient to state such a claim. Plaintiff claims that at the public meeting where the Town's Board of Aldermen voted on his termination, Defendant Smith made a statement that Plaintiff's termination was substantiated by just cause. (*Id.* ¶ 14.) According to Plaintiff, this statement was made on behalf of the Town and a majority of Board members collectively. (*Id.* ¶¶ 14, 22.) Aside from this statement, Plaintiff has not asserted additional allegations of constitutional deprivation of his rights personally attributable to the individually named Defendants in their individual capacities. Nor is the single statement by Defendant Smith that Plaintiff's termination was substantiated by just cause, which Plaintiff himself attributes to the entire Board, alone sufficient to state a claim that three named members of the Board took any action personally or individually to deprive Plaintiff of his liberty interest without due process of the law. "Moreover, the court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal quotations and citations omitted).

Though Plaintiff asserts that "it is not necessary that [he] make any allegations that attribute personal or individual responsibility for [his] injury to [Defendants] in their individual capacities," (ECF No. 15 at 5), the Court does not find this assertion, or the cases cited by Plaintiff in support thereof, persuasive. Plaintiff cites to *Hafer v. Melo*, 502 U.S. 21 (1991), and *Phillips*, to support his argument that he need only demonstrate that Defendants Smith, Stewart, and Sells deprived him of a constitutional right while acting under the color of state

law in order to assert a §1983 personal liability claim against them. (*Id.*) Those cases, however, do not stand for that proposition. While *Hafer* does hold that state officers may be held personally liable for damages under §1983 based on actions taken in their official capacities, the defendant in that case was directly and individually responsible for the constitutional deprivation at issue. 502 U.S. at 23. This is distinct from the instant matter. Further, in *Phillips*, Plaintiff cites to a portion of the decision that discusses whether a defendant's action is to be deemed a private action or one under color of state law to constitute state action; the discussion is not made in the context of whether a plaintiff must allege action attributable to a particular defendant in order to raise a personal liability claim under § 1983. 572 F.3d at 180–81.

Therefore, this Court concludes, viewing the allegations in the Complaint in the light most favorable to Plaintiff and drawing all inferences in his favor, that Plaintiff has failed to plead sufficient facts to establish a claim for relief against Defendants Smith, Sells or Stewart in their individual capacities with respect to his Third Claim for Relief. The Court, therefore, need not address whether Defendants are entitled to qualified immunity as a defense to Plaintiff's alleged Fourteenth Amendment violation as Plaintiff has failed to state any such claim.

For the foregoing reasons, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that all of Plaintiff's claims brought against Defendants Smith, Stewart, Sells, Corriher, and Overcash in their official capacities are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Third Claim for Relief in the Complaint is DISMISSED as it relates to Defendants Smith, Stewart and Sells in their individual capacities.

IT IS FURTHER ORDERED that, because there are no remaining claims asserted against Defendants Stewart, Sells, Corriher, and Overcash, in Plaintiff's Complaint, they are each DISMISSED as parties from this lawsuit.

This, the 15th day of March 2021.

/s/ Loretta C. Biggs
Unites States District Judge

8